UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA FRANCO, an individual,

    Plaintiff,

vs.

CASE NO.

BRINKER INTERNATIONAL, INC.
d/b/a CHILI'S GRILL & BAR a
Foreign for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Paula Franco ("Franco" or "Plaintiff") by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, Brinker International, Inc., d/b/a Chili's Grill & Bar a Foreign for Profit Corporation ("Chili's" or "Defendant") and states:

## PRELIMINARY STATEMENT

1. This is a claim by Plaintiff PAULA FRANCO against her former employer, Brinker International, Inc., d/b/a Chili's Grill & Bar, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

2. In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Franco with unpaid, job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same

position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

3. The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a). Congress also found it to be "desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id*.

4. ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

5. Plaintiff, Paula Franco, suffers from a disability that is also a chronic health condition entitling her to benefits under the FMLA. Ms. Franco made Defendant aware of her condition, her treatment plan and her need for leave for her surgery scheduled on December 20, 2018. On November 20, 2018 with direct and actual knowledge of Ms. Franco's medical condition and her scheduled surgery; the Defendant terminated Ms. Franco's employment. Ms.

Franco's termination interfered with her rights under the FMLA and Section 510 of ERISA and was in retaliation after she disclosed her need for FMLA leave to have her scheduled surgery.

6. Respondent's actions violate the FMLA. The stated reasons for Ms. Franco's termination was manufactured after she disclosed her need for additional FMLA leave as a means of discriminating and retaliating against Ms. Franco and/or interfering with her rights under the FMLA.

7. Accordingly, Ms. Franco seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendant's actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 2617(a)(2) of the Family Medical Leave Act and 29 U.S.C. § 1132(e) ERISA and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

9. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district, and the majority of the acts complained of took place in this judicial district.

## PARTIES

10. At all times material hereto, Ms. Franco was a resident of Charlotte County, Florida.

11. At all times material to this action, Brinker International, Inc., d/b/a Chili's Grill & Bar was a continues to be a Foreign for Profit Corporation, doing business in Charlotte County, Florida, and has continuously had at least 50 employees.

12. At all times material to this action, Defendant operated a food service establishment within Charlotte County, Florida, specifically the Chili's Grill & Bar, located at 8901 College Parkway, Fort Myers, Florida 33919.

13. At all times material to this action, Defendant was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

15. Defendant is an employer under the FMLA because it is engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

16. At all times relevant hereto, Defendant is an employer as defined by 29 U.S.C. 2611(4).

17. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

18. From in or around 2006 to her termination on or about November 20, 2018, Plaintiff was employed by and working for Defendant at its Chili's branches located at: 1471 Tamiami Trail, Port Charlotte, Florida 33948 and 8901 College Parkway, Fort Myers, Florida 33919.

19. In approximately 2011 or 2012 Defendant promoted Plaintiff to the position of

Manager.

20. At all times relevant hereto, Plaintiff worked at a location where Defendant, employed 50 or more employees.

21. At all times material to this action Defendant directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

22. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## GENERAL ALLEGATIONS

23. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq, because Plaintiff validly exercised her rights pursuant to the FMLA and Defendant: (i) interfered with Plaintiff's right to take FMLA leave; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; (iii) discriminated against Plaintiff for taking FMLA leave; and (iv) retaliated against Plaintiff because she would need FMLA leave at a future date.

24. At all times relevant to this action, Plaintiff disclosed her need to use medical benefits provided by the Defendant's health and wellness medical benefits policies, and was subsequently discriminated and retaliated against because of her need to use such benefits and actual use of such benefits.

25. Defendant operates a chain of restaurants doing business as "Chili's". In 2006, Ms. Franco was hired as a Manager at the Defendant's restaurant located in Port Charlotte, Florida.

26. Ms. Franco continued to work as a Manager until her wrongful termination on or about November 20, 2018.

27. Ms. Franco began her employment with Chili's in 2006 and was terminated on or about Nov. 20, 2018. In July 2017, Franco was diagnosed with a disability and underwent a surgery.

28. Upon her return to work in January 2018, Franco was written up approximately 1 or 2 hours into her shift, for alleged complaints received from team members back in June or July 2017.

29. Franco continued to work with the company but was immediately removed from her position in Port Charlotte (only a few miles from her home) and was relocated to a location approximately 40 minutes away in the Ft. Myers/Naples area. Despite this adverse employment action Franco continued to perform her duties as a manager.

30. In October 2018, Ms. Franco underwent a further surgery as a result of her disability.

31. Franco returned to work with documentation from her physician with weight lifting restrictions. After tearing one of her sutures, her supervisor agreed to let her go back out on leave to allow for proper healing.

32. While out on this leave, Franco contacted her supervisor to discuss the scheduling of shifts in December 2018, during the telephone conversation Franco advised her supervisor that she was scheduled to have an additional surgery related to her disability on or about December 20, 2018.

33. On or about November 20, 2018, Franco returned from medical leave and less than one hour into her shift she was informed that her employment was terminated.

34. The stated reasons for Ms. Franco's termination were manufactured after she disclosed her need for leave as a means of discriminating and retaliating against her and/or interfering with her rights under the FMLA.

35. Defendant's reason for terminating Franco was pre-textual and was manufactured, post hoc, after she engaged in activities protected by the FMLA and ERISA.

36. At the time of her termination, Plaintiff was eligible for FMLA leave.

37. At the time of her termination, Plaintiff was eligible for leave pursuant to Defendant's leave program.

38. At the time of her termination, Plaintiff was enrolled in a defined ERISA benefit plan of the Defendant.

39. At the time of her termination, Plaintiff was eligible to obtain medical care and utilize the medical insurance health benefits offered by the Defendant.

40. At the time of her termination, Plaintiff provided notice(s) to Defendant of her need for FMLA covered leave.

41. Plaintiff's notice(s) for her need for leave was sufficient to alert Defendant that her request was for FMLA covered leave.

42. Plaintiff's notice(s) for her need for FMLA covered leave was timely.

43. Plaintiff's notice(s) for her need for FMLA covered leave complied with Defendant's company policy, if any, regarding requests for time off.

44. Plaintiff was entitled to leave as defined by the FMLA for her scheduled surgery.

45. Plaintiff was, at all times relevant, a qualified employee as defined by the FMLA.

46. At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA applied to her need for requested leave.

47. Defendant's termination of Plaintiff interfered with her right to take available FMLA-covered leave.

48. Defendant's termination of Plaintiff interfered with her right to reinstatement to the same or similar position after taking available FMLA-covered leave.

49. Defendant's termination of Plaintiff was in retaliation for Plaintiff requesting to taking FMLA-covered leave.

50. Defendant's termination of Plaintiff was in retaliation for Plaintiff notifying Defendant of her need to take FMLA covered leave at a future date.

51. Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

52. Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by the FMLA.

53. Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

54. Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave were a substantial or motivating factor in Defendant's decision to terminate her employment.

55. Defendants' decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

56. Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

    a. An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

    b.    An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

    c.    An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

    d.    An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

    e.    An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

57. Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

58. Defendants' actions violate the provisions of 29 U.S.C. §2615(a).

59. Defendants' actions violate the provisions of 29 U.S.C. §2614(a).

60. Defendant's actions constitute interference with Plaintiff's rights under the FMLA and ERISA.

61. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

62. Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

63. Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

64. Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

65. Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under this ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

66. Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

67. Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

68. Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

69. Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

70. Defendant is liable for the actions of its supervisors, managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

71. Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the FMLA and ERISA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

72. Plaintiff re-alleges paragraphs 1 through 71 of the Complaint, as if fully set forth herein.

73. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

74. Defendant was Plaintiff's employer as defined by the FMLA.

75. At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

76. At all times relevant hereto, Defendant interfered with Plaintiff's right to manage her own leave under the FMLA.

77. At all times relevant hereto, Defendant interfered with Plaintiff's right to be reinstated to the same or similar position at the end of her FMLA leave.

78. At all times relevant hereto, Defendant's interference with Plaintiff's right to leave and reinstatement violated the FMLA.

79. At all times relevant hereto, Defendant's interference with Plaintiff's right to manage her own leave violated the FMLA.

80. Plaintiff had a serious medical condition, which resulted in Plaintiff having multiple surgeries.

81. In addition Plaintiff was scheduled for additional surgery on December 20, 2018 and made Defendant aware of her need to take qualified leave within the meaning of the FMLA.

82. Plaintiff was entitled to FMLA protected leave.

83. Defendant is subject to the requirements of the FMLA.

84. Plaintiff provided adequate notice to Defendant of her scheduled surgery.

85. Defendant was aware of Plaintiff's need for future FMLA protected leave.

86. Plaintiff had not exhausted her entitlement to FMLA leave at the time of her termination.

87. Defendant terminated Plaintiff after she notified Defendant of her scheduled surgery and her need for future protected FMLA leave.

88. By terminating Plaintiff with actual knowledge of her need for future FMLA leave, the Defendant interfered with Plaintiff's right for leave, reinstatement, and to future FMLA benefits.

89. Defendant's violation of the FMLA was willful, as its supervisors and/or managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

90. Plaintiff was denied benefits to which she was entitled under the FMLA.

91. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

92. Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

93. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, Paula Franco, respectfully requests entry of:

    a. judgment in her favor and against Defendant for its interference with her rights under the FMLA;

    b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

    d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

  f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## FMLA RETALIATION

94. Plaintiff re-alleges paragraphs 1 through 71 of the Complaint, as if fully set forth herein.

95. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff wished to exercise her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

96. With actual knowledge of Plaintiff's need for leave, disability and chronic serious health condition and future scheduled FMLA protected leave for disability related surgery, Defendant terminated Plaintiff's employment prior to her FMLA leave and before she exhausted her FMLA leave.

97. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

98. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

99. Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

100. Defendant's violation of the FMLA was willful, as its supervisors, managers, and human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

  WHEREFORE, Plaintiff, Paula Franco, respectfully requests entry of:

    a.    judgment in her favor and against the Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.    judgment in her favor and against the Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against the Defendant for her reasonable attorney's fees and litigation expenses;

    d.    judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## VIOLATION OF SECTION 510 ERISA

101.    Plaintiff re-alleges paragraphs 1 through 71 of the Complaint, as if fully set forth herein.

102.    Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

103.    Beginning in 2006 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

104.    Defendant was aware that in July 2017, Franco was diagnosed with a disability and underwent surgery related thereto, and that Plaintiff required additional surgery for her medical condition that was being scheduled on or about December 20, 2018.

105.    Defendant knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she requested FMLA leave for her hospitalization to treat her medical condition.

106.    Defendant retaliated/discriminated against Plaintiff by terminating her

employment.

107. Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

108. Defendant's termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

109. Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

110. Defendant interfered with Plaintiff's right to obtain medical care.

111. Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

112. Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

113. WHEREFORE, Plaintiff PAULA FRANCO hereby demands entry of judgment in her favor and against Defendant, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 20th day of November 2020.

> Respectfully submitted,
> **MORGAN & MORGAN, P.A.**
> s/*Paul M. Botros*
> Paul M. Botros, Esquire
> FL Bar No.: 063365
> 8151 Peters Road, Suite 4000
> Plantation, FL 33324
> Tel: 954-318-0268
> Fax: 954-327-3017
> pbotros@forthepeople.com